**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA JOHN MARANEY, | ) | |
| | ) | Civil Action No. 2:26-633 |
| Plaintiff, | ) | |
| | ) | District Judge Christy Criswell Wiegand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | Re: ECF No. 10 |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Amended Complaint, ECF No. 10, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Dismissal should be without prejudice to Devion Walters proceeding in his own right, if he wishes to do so, and with prejudice as to Joshua John Maraney ("Maraney").

## II. REPORT

Maraney currently is detained at the Greene County Jail in Waynesburg, Pennsylvania. Maraney is a recent and prolific filer of frivolous lawsuits in this Court, and has been banned from proceeding *in forma pauperis* in future cases unless he can show imminent danger of serious physical injury to himself. See Civil Action No. 26-704, ECF Nos. 5 and 7.

On May 4, 2026, the undersigned issued an initial Report and Recommendation recommending that all claims raised in the initial Complaint, ECF No. 4, be dismissed with prejudice with respect to Maraney, but without prejudice to Walters proceeding in his own right at a new cause of action, ECF No. 6. The bases for that Recommendation were that Maraney lacked standing to raise claims for violations of Walters' constitutional rights in which Maraney had no

personal involvement, and that Maraney had failed to establish next-friend status. Id. at 4-7. The initial Report and Recommendation is incorporated by reference herein.

On June 8, 2026, District Judge Wiegand issued an Order adopting the initial Report and Recommendation in part, and rejecting it in part. ECF No. 9 at 1. Judge Wiegand agreed that Maraney lacked standing, but rejected dismissal with prejudice. Id. at 2 (quoting Ellison v. Am. Bd. of Orthopeadic Surgery, 11 F.4th 200, 209 (3d Cir. 2021) ("Because the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper.")). Maraney was granted leave to file an amended complaint. Id. at 2-3.

Maraney submitted his Amended Complaint on June 15, 2026. ECF No. 10. In it, he seeks the initiation of federal criminal charges against Defendant Detective Seth Haggerty based on his involvement in state criminal proceedings related to state court incident number 2511-07816, involving third-party Devion Walters. Id. at 2-3. A review of public state court records indicates the Walters has pending charges in Fayette County Pennsylvania at that incident number, and that Defendant Haggerty is listed as the arresting officer. See Docket, Com. v. Walters, No. CP-26-168-2026 (C.C.P. Fayette Cnty.) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-26-CR-0000168-2026&dnh=05%2FdH3b6ki3Mx3wra2PMmw%3D%3D (last visited Oct. 5, 2026)).

Maraney's Amended Complaint fails to cure the deficiencies of his initial Complaint. As explained in the initial Report and Recommendation, ECF No. 6, Maraney lacks standing to proceed as the plaintiff in a case asserting constitutional violations allegedly suffered by another individual, and which do not involve him personally. Moreover, Maraney, as a *pro se* inmate who is not an attorney, may not represent another inmate in federal court. Cahn v. United States, 269

F. Supp. 2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991); Collingru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) (overruled in part on other grounds, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516, 535 (1994)). It is simply plain error to permit a *pro se* inmate litigant to represent fellow inmates. Whalen v. Wiley, No. 06-809, 2007 WL 433340 *2 (D. Colo. Feb. 1, 2007).

Furthermore, as Maraney is well-aware from the resolution of similar claims in his other cases, only the United States Attorney may file criminal charges in federal court. See, e.g., United States v. Panza, 381 F. Supp. 1133, 1133-34 (W.D. Pa. 1974). Indeed, Judge Wiegand's Order of June 8, 2026, explicitly admonished Maraney that he, as a private individual, could not bring criminal charges in federal court, and denied him leave to bring such a claim in an amended complaint. ECF No. 9 at 2.

Thus, while the undersigned is cognizant of Judge Wiegand's reasoning in her Order dated June 8, 2026, ECF No. 9, the law is clear that Maraney may not proceed with the claims that he has raised in his Amended Complaint, and any leave to amend would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (a plaintiff should be given opportunity to amend a deficient civil rights complaint unless doing so would be inequitable or futile). Therefore, this case should be dismissed with prejudice as to Maraney. See, e.g., Credico v. Unknown Off. for U.S. Drone Strikes, 537 F. App'x 22, 23 (3d Cir. 2013) (affirming, based on lack of standing, dismissal without grant of leave to amend where amendment would be futile)). That said, dismissal should be without prejudice to Devion Walters proceeding in his own right at a new cause of action, if he wishes to do so.

It is important to underscore that this is not a ruling on the merits of any claim that Walters might bring based on the sparse facts that Maraney alleges. Indeed, the recommendation that this case should be dismissed ***without prejudice*** to Walters proceeding in his own right emphasizes that fact. However, the law is clear that Maraney simply may not bring these claims on Walters' behalf, or insert himself as the plaintiff here. Any leave for Maraney to file yet another amended complaint would be futile; and is likely to be abused given Maraney's litigation history. See Civil Action No. 26-704, ECF Nos. 5 and 7. Therefore, this Court should foreclose that opportunity, and dismiss this case ***with prejudice*** to Maraney's further involvement in Walters' claims. See Credico, 537 F. App'x at 23.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Amended Complaint, ECF No. 10, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Dismissal should be with prejudice with respect to Maraney, but without prejudice to Devion Walters proceeding in his own right at a new cause of action, if he wishes to do so.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Date: October 5, 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Wiegand
United States District Judge

Joshua John Maraney
1122255
Greene County Jail
855 Rolling Meadows Road
Waynesburg, PA 15370